IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ZELL COOPER, SR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> KATHLEEN DICKERSON, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 09-2526 JSW (PR) <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> (Docket No. 4) |

Petitioner, a prisoner of the State of California has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. On November 12, 2009, Petitioner filed a letter requesting assistance and has since written the Court again specifically requesting appointment of counsel (docket no. 4). In his earlier letter to the Court, Petitioner states that he is unable to effectively communicate with the Court and fully prosecute this action because of his medical condition, for which he receives medication which he states "helps me with stress but also effects [sic] my performance." He does not specify the nature of his medical condition, but he has attached a medical document that specifies that he has hip and back pain for which he takes medication that may affect alertness and performance. Petitioner does not identify any other reasons why he needs appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to

obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728.

Here, Petitioner appears to have effectively represented himself thus far and no evidentiary hearing appears necessary at this time. The Court concludes that the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel (docket no. 4) is DENIED without prejudice. Petitioner is further apprised that when seeking specified relief from the Court, he must identify his filing as a motion, rather than just submitting a letter to the Court.

IT IS SO ORDERED.

DATED: February 11, 2010

JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

WALTER O COOPER SR,

    Plaintiff,

v.

KATHLEEN DICKERSON et al,

    Defendant.
_____/

Case Number: CV09-02526 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walter O. Cooper F26812
California Medical Facility
P.O. Box 2000
1600 California Drive
Vacaville, CA 95696-2000

Dated: February 11, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk